MATTEI, PLAINTIFF AND APPELLANT, *v.* DÍAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Intervention in Ownership and for an Injunction.

No. 1534.—Decided June 4, 1917.

INTERVENTION—EVIDENCE—PRIVATE DOCUMENT.—Section 1195 of the Civil Code is strictly applicable when there is no other proof of an act or contract than a private document; but the said section does not forbid that the act or contract referred to may be considered proved in prejudice of an intervenor by means of such a document joined with other elements of proof.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the appellant.

*Mr. Francisco Parra Capó* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juan Mattei Rodríguez intervened and obtained a preliminary injunction suspending the sale on execution of two houses levied upon as the property of Francisco Moreno in a suit for the recovery of money brought against Moreno by Joaquín Díaz.

The proof was ample and uncontradicted to the effect that Moreno had first mortgaged these houses together with others to secure a note executed in favor of Juan Semidei, a brother-in-law of Mattei, for the amount of the purchase price of a certain lot of tobacco belonging to Mattei and sold for him by Semidei to Moreno; that later, after suit brought by Semidei, Moreno substituted for this obligation a sale of the two houses involved herein to Mattei, subject to an agreement for reconveyance upon payment by the vendor to the vendee within a specified period of the amount of the purchase price, and that at the expiration of the term so fixed Moreno executed in favor of Mattei an absolute conveyance in writing.

Both the conditional sale and the deed finally executed were private documents, but unquestionably genuine, there being no suggestion whatever of fraud, simulation or bad faith, the one being executed several months and the other some days before the levy.

Intervenor also attempted to show that the original plaintiff had full knowledge of the sale, but Díaz in his testimony denied this and the trial judge, apparently without considering at all the fact that the documents in question were strongly corroborated by other evidence, held that the showing as to actual knowledge on the part of Díaz was not sufficient and rendered judgment dismissing the complaint in intervention and dissolving the injunction.

This action of the trial court was based upon the authority of *Córdova* v. *Suris,* 19 P. R. R. 1117, and upon section 1195 of the Civil Code, which reads as follows:

"Sec. 1195.—The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office."

The conclusion reached in the district court can only be accounted for upon the theory that the trial judge was not aware of the doctrine announced in the case of *Longpré* v.

*Wolff,* 23 P. R. R. 13, in which the Córdova case was distinguished and this court said:

"We are of the opinion that section 1195 of the Civil Code is strictly applicable when there is no other evidence of an act or contract than a private document; but the said section does not provide that such a document combined with other probatory elements may not be held to prove that the said act or contract is valid as against a third person, according to the judgment of the Supreme Court of Spain of February 18, 1898, Civil Jurisprudence, Vol. 83, p. 408."

See also *Torres* v. *Pons,* 24 P. R. R. 435.

The judgment appealed from must be reversed, the claim of intervenor sustained and the injunction made permanent.

*Reversed and injunction made permanent.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.